

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/21/2010

| | | |
|---|---|---|
| IN RE: | § | Case No. 10-36990 |
| FERNANDO JAVIER MONTEMAYOR, | § | Chapter 13 |
| MARIA C. MONTEMAYOR, | § | |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION

By separate order, the Court has confirmed the proposed December 15, 2010 plan. This brief memorandum resolves the sole confirmation dispute.

The Debtor proposes to pay Bank of America's claim in full over the term of the plan. The plan proposes a 5.25% annual interest rate. The Debtor alleges that this rate is consistent with *Till v. SCS Credit Corp.,* 541 U.S. 465 (2004); Bank of America does not challenge that assertion. The Court finds the 5.25% rate consistent with *Till's* requirement that the required interest rate in a chapter 13 plan should be 1-3% above the prime rate. *Id.*

Nevertheless, Bank of America alleges that its status as an oversecured creditor entitles it to the protections of 11 U.S.C. § 506(b). According to Bank of America, the plan must bear interest at a rate of not less than the contract rate. The contract rate is 9.24% per annum. Section 506(b) provides that an over secured claim will be increased by the amount of post-petition contractual interest.

Section 1325 governs whether a plan should be confirmed. Subsection 1325(a)(5)(B) mandates the treatment of secured claims. *Till* governs what interest rate is required to meet the confirmation requirements of § 1325(a)(50(B). 541 U.S. at 474.

Bank of America attempts to conflate the claim allowance requirement of § 506(b) with a confirmation requirement of § 1325. That reflects a misunderstanding of the function of these two sections of the Bankruptcy Code. Because Bank of America is oversecured, it will be

allowed post-petition and pre-confirmation interest in the amount of $516.90. That amount is equal to interest at 9.24% per annum for the period between the petition date and the confirmation date. However, at confirmation, the rate is governed by § 1325(b). That rate will be 5.25%.

> This opinion reflects well-settled law. The precise issue is addressed in *Colliers*:
>
> A distinction must be drawn in the chapter 11, 12 and 13 contexts between post *petition* interest and post *confirmation* interest. In these contexts, postpetition interest refers to interest that accrues on a prepetition claim for the period measured between the commencement of the case and the effective date of a confirmed plan. Postconfirmation interest refers to any interest that may accrue on a secured claim on and after the effective date of a plan. A secured creditor's entitlement to postconfirmation interest is governed by applicable provisions of sections 1129, 1225 and 1325, any relevant plan, and any relevant order confirming plan. Section 506(b) thus has no application to a secured creditor's entitlement to postconfirmation interest….

4 COLLIER ON BANKRUPTCY § 506.04[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). (*Emphasis* in original, citations omitted).

The Court's order confirming the Debtors' proposed plan allows Bank of America's claim in the amount authorized by § 506(b).

SIGNED **December 20, 2010.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE